# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON THORNTON,<br><br>    Plaintiff,<br><br>v.<br><br>L. DILEO, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00920-LJO-MJS (PC)<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT (ECF No. 7)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM (ECF No. 8)**<br><br>**AMENDED COMPLAINT DUE IN THIRTY DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on June 16, 2014 pursuant to 42 U.S.C. § 1983. Plaintiff filed a First Amended Complaint prior to screening of the Complaint.

Before the Court are (1) Plaintiff's motion to file a First Amended Complaint, and (2) the First Amended Complaint for screening.

**I.  MOTION TO AMEND**

At this early stage of the proceeding, Plaintiff is free to file an amended pleading as a matter of course. Fed. R. Civ. P. 15(a)(1). Plaintiff's motion to file a First Amended Complaint is granted.  The First Amended Complaint has been filed.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

2

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

**IV.   SUMMARY OF THE FIRST AMENDED COMPLAINT**

Plaintiff names as Defendants (1) Dileo, Kern Valley State Prison ("KVSP") Physician, (2) Biter, KVSP Warden, (3) Lopez, KVSP Chief Medical Officer.

Plaintiff's essential allegations can be summarized as follows:

Plaintiff had received back pain medication prior to incarceration and had been approved for morphine at the facility at which he had been incarcerated prior to KVSP. Upon Plaintiff's transfer to KVSP, Defendant Dileo refused to prescribe morphine for back pain.

Plaintiff seeks a court order directing that he receive morphine and monetary damages.

**V.   DISCUSSION**

**A.   Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. *Iqbal*, 129 S.Ct. at 1948. Plaintiff must plead sufficient facts showing that the official has violated the Constitution through

3

his or her own individual actions or omissions. *Id.*, at 1948.

Here, Plaintiff does not explain how Warden Biter and Chief Medical Officer Lopez participated in, or otherwise might be responsible for, the alleged violations. The mere fact these Defendants may have supervised the individual allegedly responsible for a violation is not enough. Defendants Biter and Lopez may only be held liable in a supervisory capacity if they each "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

If Plaintiff chooses to amend, he must demonstrate that each Defendant personally acted or failed to act in a manner that violated Plaintiff's rights.

### B. Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Here, Plaintiff does not clearly allege facts suggesting a serious medical need. Granted, back pain of such severity as to require treatment with morphine suggests he had a serious medical need at least at one time. However, Plaintiff alleges no facts setting forth the nature, duration and effect of any ongoing pain and if, and how, it might

4

respond to various treatments. Significantly, Plaintiff does not state whether he has a current medical treatment plan and accommodation chrono for his back injury and if so what it requires. See *Jett*, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"); *McGuckin*, 974 F.2d at 1059–60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

Even assuming, for the sake of discussion, a serious medical condition, there is nothing to suggest that Defendant Dileo knowingly denied, delayed or interfered with medically necessary care or knowingly provided unacceptable medical care. *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). Plaintiff's allegations reflect his disagreement with the treatment provided by Dileo and perhaps a difference of opinion between Dileo and other physicians. They do not suggest Defendant Dileo acted maliciously or with a conscious disregard of a serious risk Plaintiff might be harmed by his action or inaction.

Plaintiff's disagreement with the treatment decision, without more, is not a basis for a medical indifference claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to his health. See *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Nothing suggests Defendant Dileo intentionally provided medically unacceptable care. Even if Defendant acted negligently, this is not enough to claim indifference. See

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06 (1976). ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare", citing *Hathaway v. Coughlin*, 37 F.3d 63, 67 (2d Cir. 1994)).

For the reasons stated, Plaintiff has not alleged sufficient facts for the Court to determine that his pleading alleges a cognizable claim. Plaintiff will be given an opportunity to amend his pleading.

If Plaintiff chooses to amend, he must allege facts demonstrating that the Defendants knowingly denied, delayed, or interfered with treatment of serious medical needs, or knowingly provided medically unacceptable care, in conscious disregard of an excessive risk to his health and resulting in harm to him. He must set forth facts showing that the course of treatment prescribed reflected a knowing intentional disregard for his care, not just a course he thought was wrong.

### C. Injunctive Relief

Plaintiff may not seek injunctive relief where there is no underlying federal claim. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). Plaintiff's pleading does not state any cognizable claim against named Defendants for the reasons stated. His disagreement with Defendant Dileo's treatment of his alleged back injury does not alone suggest a present and immediate threat of irreparable harm. *Id.*

## VI.   CONCLUSIONS AND ORDER

Plaintiff's motion to file a First Amended Complaint is granted. The First Amended Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint that cures noted deficiencies. *Noll v.*

6


*Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did or did not do that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend to file a First Amended Complaint (ECF No. 7) is GRANTED,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed September 25, 2014,

3. Plaintiff's First Amended Complaint (ECF No. 8) is DISMISSED for failure to state a claim upon which relief may be granted,

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

5. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three

strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: September 30, 2014  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

8